UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN A. ARAGON, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:19-CV-01674-X |
| WESTROCK SERVICES, LLC, | § § § | |
| *Defendant.* | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Juan A. Aragon's *Motion for Extension of Time to Respond to Motion for Summary Judgment and Motion for Leave to Extend Discovery Deadline* [Doc. No. 31]. In a single motion, Aragon asks the Court to: (1) extend the deadline to respond to Defendant WestRock Services, LLC's (Westrock) motion for summary judgment and (2) extend the discovery deadline, which has already passed. After consideration, and as explained below, the Court DENIES Aragon's motion.

## I. Background

This case arises out of alleged employment discrimination. Aragon filed his original complaint on July 12, 2019. On April 24, 2020, Aragon moved to substitute his attorney, which the Court granted on May 15, 2020. Per the Court's scheduling order, discovery closed on August 20, 2020. WestRock moved for summary judgment on September 24, 2020. On October 14, 2020, the day his response was due, Aragon asked this court to grant "an extension and leave to complete discovery."[1]

---

[1] Doc. No. 31 at 2.

1

## II. Legal Standards

When requesting a continuance to respond to a motion for summary judgment, Fed. R. Civ. P. 56(d) provides that if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any appropriate order."[2] The party requesting the continuance must demonstrate to the Court both *why* it needs additional discovery and *how* additional discovery would create a genuine dispute of material fact.[3] A party "cannot evade summary judgment simply by arguing that additional discovery is needed," and it may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[4]

A party seeking modification of a scheduling order must show good cause for failure to meet the deadlines in the order under Fed. R. Civ. P. 16(b). Rule 16(b)(4) states: "A schedule may only be modified for good cause and with the judge's consent."[5]

## III. Analysis

The thrust of Aragon's argument is that his counsel worked diligently but nonetheless lacked the time necessary to complete discovery and respond to WestRock's motion for summary judgment.

---

[2] FED. R. CIV. P. 56(d).
[3] *See Stults v. Conoco, Inc.*, 76 F.3d 651, 657–58 (5th Cir. 1996).
[4] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (quotations omitted).
[5] FED. R. CIV. P. 16(b)(4).

Aragon claims that his counsel "relied [o]n [t]he Joint Proposal and Scheduling Order Schedule," which proposed ending discovery in October.[6] In reality, discovery closed on August 28, 2020, pursuant to the Court's scheduling order, which Aragon's counsel could have easily consulted. In his motion, Aragon explains that, on August 28, 2020, "the undersigned counsel placed a phone call to the Defendant's lead counsel and discussed further depositions and her response was that discovery was closed."[7] Despite being made aware of the close of discovery, Aragon waited nearly two months, and to the very day his response was due, to file this motion requesting an extension of the discovery deadline. The Court finds that Aragon's "lack of diligence negates good cause."[8] Because good cause is required to modify a scheduling order, the Court **DENIES** Aragon's request to extend the discovery deadline.

As for Aragon's request that he be given more time to reply to WestRock's motion for summary judgment, he has failed to explain why he needs additional discovery or how it would create a genuine dispute of material fact. Instead, he states in conclusory fashion that "[b]y the time [Aragon] discussed the deposition of witnesses, discovery was closed and he had to turn his attention to other events in the case."[9] In other words, Aragon argues he is entitled to extra time to respond because he failed to comply with the discovery deadline and then became distracted by other matters in the case. This is tantamount to no explanation at all. Aragon's argument does not satisfy Rule 56(d)'s standard, which requires showing specific

---

[6] Doc. No. 34 at 4.
[7] Doc. No. 31 at 2.
[8] *Beckhum v. Swift Response, LLC*, 2020 WL 5702274 at *3 (N.D. Tex. Sept. 24, 2020) (Starr, J.).
[9] Doc. No. 34 at 4.

reasons by affidavit that he cannot present facts to justify his opposition to WestRock's motion for summary judgment. Indeed, Aragon's motion reads like an attempt to "evade summary judgment simply by arguing that additional discovery is needed."[10] Because Aragon relies only on vague claims that additional discovery is needed, the Court **DENIES** Aragon's request for an extension of time to respond.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Aragon's Motion for Extension of Time to Respond to Motion for Summary Judgment and Motion for Leave to Extend Discovery Deadline.

**IT IS SO ORDERED** this 2nd day of December 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *Adams*, 465 F.3d at 162.