UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN A. ARAGON, § § § *Plaintiff*, § § v. § § WESTROCK SERVICES, LLC, § § *Defendant*. § | Civil Action No. 3:19-CV-01674-X |

## MEMORANDUM OPINION AND ORDER

This case arises out of alleged employment discrimination. The plaintiff, Juan A. Aragon, claims that the defendant, Westrock Services, LLC (Westrock), discriminated against him in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e. Aragon's first attorney, Hiram McBeth, intervened to collect fees. There is a bevy of pending motions. After careful consideration, the Court **GRANTS** Aragon's motion to dismiss with prejudice [Doc. No. 53], **DISMISSES AS MOOT** Westrock's motion for summary judgment [Doc. No. 25], **DENIES** McBeth's motion for default judgment [Doc. No. 48], **GRANTS** Westrock's motion to alter the judgment or for clarification by vacating the clerk's default against Westrock [Doc. No. 49], **GRANTS** Aragon's motion to alter the judgment by vacating the clerk's default against Aragon [Doc. No. 54], and **DENIES** McBeth's motions to strike. [Doc. Nos. 55, 60].

I. Procedural Background

Westrock moved for summary judgment in September 2020. Aragon failed to respond and moved for an extension of time to file a response, claiming that his

1

recently substituted attorney was not aware of the deadline. The Court rejected this excuse in its December 2, 2020 order. The Court also granted McBeth's motion to intervene. Shortly thereafter, Aragon tried to dismiss his case with prejudice. Westrock agreed, but McBeth was opposed. The Court ordered Aragon to file a motion for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). After five attempts, Aragon filed the correct motion. But by that point, this case was inundated with other motions.

McBeth moved for default judgment against both Aragon and Westrock when neither answered his intervenor complaint. Then Westrock moved for clarification, correctly noting that the intervenor complaint names only Aragon as a defendant. Aragon moved to alter the judgment, explaining that the contract between Aragon and McBeth contains an arbitration clause for fee disputes. Finally, McBeth moved to strike both Westrock's and Aragon's motions.

## II. Analysis

### *Motion to Dismiss with Prejudice*

Aragon moved to dismiss pursuant to Rule 41(a)(2). That rule states that "an action may be dismissed at the plaintiff's request . . . by court order[.]"[1] Here, McBeth opposes the dismissal. But that opposition does not preclude the Court from dismissing this case. The text of Rule 41(a)(2) states that "if a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain

---

[1] FED. R. CIV. P. 41(a)(2).

pending for independent adjudication."[2]  Here, McBeth is not a defendant; he is an intervenor–plaintiff.  Importantly, McBeth's contract with Aragon stated that fee disputes were subject to "binding arbitration."[3]  Because (1) dismissing this case does not implicate the text of Rule 41(a)(2), and (2) the fee dispute between Aragon and McBeth can be independently adjudicated in arbitration, the Court **GRANTS** Aragon's motion to dismiss and **DISMISSES WITH PREJUDICE** all claims by Aragon against Westrock.

*Motion for Summary Judgment*

Because Aragon moved to dismiss this case with prejudice, the Court need not consider Westrock's motion for summary judgment.  Accordingly, it **DISMISSES AS MOOT** the motion for summary judgment.

*Westrock's Motion to Alter the Judgment or for Clarification*

The Clerk entered a default with respect to both Aragon and Westrock.  This was an error.  McBeth's intervenor-complaint names only Aragon as an intervenor-defendant and asserts claims only against Aragon.  Westrock was not a party to the contract between McBeth and Aragon that underlies the fee dispute.  It was therefore not required to answer McBeth's complaint in intervention.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ."[4]  Here, the clerk's entry of default with respect to Westrock was a mistake because Westrock was not required to answer the

---

[2] *Id.*

[3] Doc. No. 36, Exhibit 1, at 3.

[4] Fed. R. Civ. P. 55(c).

3

intervenor complaint. The Court therefore **GRANTS** Westrock's motion to alter the judgment or for clarification to the extent that it was intended to attack the Clerk's entry of default. It **ORDERS** the Clerk to amend the default by omitting Westrock from it.

*Aragon's Motion to Alter the Judgment*

In his motion, Aragon notes that should the Court decide to grant the motion to dismiss with prejudice, the "issue of a contingent fee" no longer exists.[5] That is to say, if the Court dismisses the case, McBeth's alleged right to a contingent fee is null because there will be no award. Aragon also correctly explains that the Court reserved the right to "address the arbitrability of fee issues at the appropriate time."[6]

Because the Court granted the motion to dismiss with prejudice *supra*, McBeth's entitlement—if any—to a contingency-fee award is no longer relevant. That leaves only the issue of non-contingency fees. McBeth's own contract posits that fee disputes should be resolved in arbitration.[7] By providing that "any disputes" are subject to binding arbitration, the contract between McBeth and Aragon indicates that non-contingency fee disputes should be sent to arbitration. The Court finds that good cause exists and therefore **GRANTS** Aragon's motion to alter the judgment to the extent that it was meant to attack the Clerk's entry of default. Accordingly, the Court **ORDERS** the Clerk to vacate the default.

---

[5] Doc. No. 54 at 1.

[6] Doc. No. 35 at 5.

[7] The contract states that it is the "[c]lient's desire that this Fee Agreement provide for binding arbitration of any disputes between the client and the Firm." Doc. No. 36, Exhibit 1, at 3.

*Motion for Default Judgment*

For the reasons explained above, the Court **DENIES** McBeth's motion for default judgment with respect to both Aragon and Westrock. Further, the Court **ORDERS** that Aragon and McBeth arbitrate the non-contingency-fee dispute. The Court will retain jurisdiction over this matter but stay this proceeding until a party makes a motion regarding an arbitration award.

*Motions to Strike*

McBeth moved to strike Aragon's motion to alter the judgment and Westrock's motion to alter the judgment or for clarification. McBeth argues that the Court should strike Aragon's motion because Aragon failed to answer. And he moved to strike Westrock's motion for the same reason. As the Court explained above, Westrock did not need to answer McBeth's intervenor complaint, and an arbitration clause governs the dispute between Aragon and McBeth. Therefore, the Court **DENIES** McBeth's motions to strike.

**IT IS SO ORDERED** this 5th day of March 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE